ESSEX COUNTY CIRCUIT COURT.

SAM KATCHEN, TRADING AS HILL IRON WORKS, PLAIN-
TIFF, v. BENJAMIN BREGMAN ET AL. AND TRADERS
BUILDING AND LOAN ASSOCIATION, ETC., DEFEND-
ANTS.

Mechanics' Lien—Mortgages—There was a Waiver of Lien in
Favor of the Mortgagee—Held, That the Waiver Gives
Priority to the Mortgage up to the Amount Advanced to
the Owner or for His Account, and it is Not Necessary That
the Mortgagee Establish the Fact That the Money Went
Into the Building.

On action at law. On mechanics' lien.

For the plaintiff, *Cohen & Cohen.*

For the defendant Traders Building and Loan Association,
*Frederick Jay.*

The opinion of the court was delivered by

SMITH, J. This matter is submitted to the court without
a jury on an agreed state of facts and is an action on a
mechanics' lien brought by the plaintiff who furnished labor
and material under a contract for the erection of a building
described in the lien claim. The contract was entered into
on the 18th day of August, 1926, and the defendant in this
trial is the Traders Building and Loan Association, judgment
having already gone against the owner.

The Traders Building and Loan Association hold a mort-
gage dated July 20th, 1926, acknowledged November 20th,
1926, and recorded, I assume, thereafter.

On the agreed state of facts the plaintiff and the defendant
both move for the direction of a verdict; it is assumed in
the agreed state of facts, and conceded on the argument,
that the lien claim is prior to the mortgage unless it is

established that the money claimed due on the mortgage went into the building.

On the first question as to the waiver of lien: It is dated on the blank day of October, 1926, the date not being inserted, and states that "whereas the plaintiff has agreed to furnish labor and materials for the erection of the building to the owners of the building described in the lien claim, and in consideration that the Traders Building and Loan Association, for the purpose of aiding the owner to erect the building, has agreed to loan to said owner the sum of $85,000 to be secured by a mortgage, &c., that the plaintiffs stipulate and agree that the mortgage * * * given to secure said loan * * * shall be and remain a lien upon said building and lands prior and paramount to any claim or lien we may have upon said building, and so forth * * * howsoever, but the foregoing stipulation shall not be construed as a waiver of our lien, except as to the lien of said mortgage."

It is my opinion that this waiver gives a priority to the mortgage up to the amount advanced to the owner or for his account, and it is not necessary that the mortgages establish the fact that the money went into the building.

It is true that the consideration stated is that the Traders Building and Loan Association, for the purpose of aiding the owner in erecting the building, agrees to loan said owner the money; still, the stipulation that is made is that the mortgage shall remain a lien upon the building prior to the plaintiff's claim, and I take that to mean that the priority is as to the money advanced under the mortgage.

This waiver is in the standard form used in this state, but I do not find any specific decision on the point involved. A waiver somewhat similar has been passed upon by the Supreme Court of Errors of Connecticut in *Persky* v. *Puglisi,* 127 *Atl. Rep.* 351 (at *p.* 355). It is there held that the mortgage takes priority to the extent of the moneys actually advanced to the mortgagee, it being held there as to moneys not advanced the mortgage did not hold its priority and that

a bonus withheld could not be considered as money due under the mortgage prior to the lien claim.

The mortgage is therefore entitled to priority by reason of the waiver for the amount advanced on it to or for the account of the mortgagor. The money was advanced in cash except for dues, interest and premiums, and these deductions are valid. *Pamph. L.* 1918, *p.* 956, 957.

The court therefore orders judgment to be entered in favor of the defendant Traders Building and Loan Asociation and against the plaintiff.