THE DIAMOND NATIONAL CORPORATION *v.* EDWIN R. DWELLE ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued January 3—decided April 3, 1973

*Rocco R. P. Perna,* for the appellant (plaintiff).

*Gordon R. Paterson,* with whom, on the brief, was *James R. Fogarty, Jr.,* for the appellees (named defendant et al.).

MACDONALD, J. The plaintiff, the Diamond National Corporation, brought an action to foreclose a mechanic's lien against the property of Edwin R. Dwelle and Dolores D. Dwelle, hereinafter called the defendants for materials furnished to the G & G Home Improvement Company and Gustavo Passa-

relli, general contractors hired by the defendants to construct an addition to their home located in Norwalk, Connecticut. The materials were furnished during the period from July 19, 1963, through October 24, 1963, and the plaintiff claimed their value was $7019.90. On or about November 1, 1963, the contractors abandoned the job prior to substantial completion and on December 20, 1963, the plaintiff filed a mechanic's lien on the property of the defendants. On November 24, 1965, an action was commenced to foreclose the lien and the case came to trial in April, 1970. On January 4, 1971, the action was dismissed by the court on its own motion for lack of jurisdiction over the subject matter, although the defendants had neither demurred to the complaint nor pleaded specially the Statute of Limitations.

The central issue in this appeal is whether the trial court was correct in dismissing the action for lack of jurisdiction over the subject matter. The basis of the court's decision was that § 49-39 of the General Statutes, as amended in 1965 by Public Act No. 193, established time limits on the validity of the mechanic's lien and that in failing to meet these limitations, the plaintiff lost his cause of action and the court consequently lost jurisdiction over the subject matter.

Before discussing the issues raised by the court's construction of § 49-39, it first must be determined whether the court was correct in deciding that the action was subject to § 49-39, as amended, which states in relevant part: "No mechanic's lien shall continue in force for a longer period than four years after such lien has been perfected, unless the party claiming such lien commences an action to foreclose the same and files a notice of lis pendens

in evidence thereof with the town clerk within two years from the date such lien was filed with such town clerk and then proceeds therewith to and obtains final judgment within the next two years from the date such action was commenced." On October 1, 1965, Public Acts 1965, No. 193, became effective as an amendment to § 49-39 and it extended the maximum time limitation from two to four years and added the requirements that not only must the action be brought within two years but it must be prosecuted to judgment within two years after it is brought. Prior to October 1, 1965, the statute had not set a time limit on the procurement of final judgment. See General Statutes, Rev. 1958, § 49-39. The amendment was enacted following the decision of the Court of Common Pleas in *Stanley Svea Coal & Oil Co.* v. *Willimantic Savings & Loan Assn.,* 23 Conn. Sup. 329, 183 A.2d 285, a case in which the mechanic's lien had been created prior to the effective date of the amendment but the foreclosure action was commenced afterwards. The question then is whether § 49-39, as amended, applies to actions brought on the facts presented here. In *Jones Destruction, Inc.* v. *Upjohn,* 161 Conn. 191, 197, 286 A.2d 308, in considering § 49-39, as amended, we stated that "the statute should not be construed as retroactive to *pending* actions." (Emphasis added.) Since the foreclosure action in the case before us was brought in November, 1965, after the effective date of the amendment, it was not "pending" and as a consequence does not come within the proscription of the *Jones Destruction* case, where the action had been brought prior to the effective date. We hold, therefore, that the trial court was correct in its determination that § 49-39, as amended, was applicable to this case.

"The general rule is that where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right—it is a limitation of the liability itself as created, and not of the remedy alone." *DeMartino* v. *Siemon*, 90 Conn. 527, 528, 97 A. 765. A mechanic's lien is a creature of statute and gives a right of action which did not exist at common law. *Martin Tire & Rubber Co.* v. *Kelly Tire & Rubber Co.*, 99 Conn. 396, 403, 122 A. 102; comment, "Mechanics' Liens in Connecticut," 37 Conn. B.J. 209, 212. Since § 49-39 sets the time within which the action must be commenced, it would appear that the statute conforms with the general rule and is thus a limitation on the right. This conclusion is reinforced by *Persky* v. *Puglisi*, 101 Conn. 658, 666, 127 A. 351, where this court stated: "The lien [under the forerunner of § 49-39] is a creature of the statute, and the General Assembly, which created the right, may set a limit to the term of its existence. . . . The plain intent of this statute is to clear the title to the premises unless an action of foreclosure is brought within the time limited for the continuance of the lien. The phrase 'no mechanic's lien shall continue in force,' is conclusive. . . . The lien of this defendant and the liens of others who failed to commence any action of foreclosure within the time limited by the statute, are no longer in force; as liens they have ceased to exist." It is obvious from these statements that § 49-39 is not merely a limitation on the remedy which should be pleaded specially, but is a limitation on the cause of action itself. The plaintiff claims support for his contention that § 49-39 is a statute of limitation from *Jones Destruction, Inc.* v.

*Upjohn,* supra, 195. While it is true that there is language in the *Jones Destruction* case which states that the limitation is not on the right, this language is dictum and was unnecessary to the holding in the case. The *Jones Destruction* case was based solely on the conclusion that "good sense and justice" (p. 197) dictate that the amended statute not be applied retroactively to an action of foreclosure actually pending on the effective date of the amendment.

At this point it might be argued that because the lien was limited by § 49-39 and was created by a different section, § 49-33, the general rule of construction stated above does not apply. This argument, however, is based on a misunderstanding of the general rule. *Davis* v. *Mills,* 194 U.S. 451, 454, 24 S. Ct. 692, 48 L. Ed. 1067, quoted with approval in *Thomas Iron Co.* v. *Ensign-Bickford Co.,* 131 Conn. 665, 669, 42 A.2d 145, stated that "[t]he common case [for application of the general rule] is where a statute creates a new liability and in the same section *or in the same act* limits the time within which it can be enforced, whether using words of condition or not. . . . But the fact that the limitation is contained in the same section or the same statute is material only as bearing on construction. It is merely a ground for saying that the limitation goes to the right created and accompanies the obligation everywhere. The same conclusion would be reached if the limitation was in a different statute, provided it was directed to the newly created liability so specifically as to warrant saying that it qualified the right." (Emphasis added.) Here, the limitations are contained in the same statute and are directed so specifically to the cause of action that under the general rule as well as under ordi-

nary rules of construction the time limitations are limitations on the right.

It also might be argued that the 1965 amendment limiting the time for judgment is merely a statute of limitation even though the limit for bringing an action based on a lien is a limitation on the right. This would create the curious situation that § 49-39 would be both a condition on the right and a statute of limitation. Although it is not clear from the section precisely how the time limitations operate—whether, for example, the lien expires only after four years, or whether it can expire two years after an action has been brought when final judgment has not been obtained—we do not believe the legislature intended such a result. The amendment was passed to deal with the problem presented in *Stanley Svea Coal & Oil Co.* v. *Willimantic Savings & Loan Assn.*, 23 Conn. Sup. 329, 183 A.2d 285, where the Court of Common Pleas had to determine under § 49-39, prior to its amendment, whether final judgment had to be obtained within two years of the perfection of the lien. The court held that it did not. The legislature, in amending the section, obviously intended that the limitation on the time for obtaining final judgment be treated exactly as the limitation on the time for commencing the action.

Having concluded that the time limitations on a mechanic's lien are limitations on the right, the next problem is to determine whether a court on its own motion can dismiss an action brought on a mechanic's lien because of failure to comply with the time limits. "The defense of the Statute of Limitations must be specially pleaded. Practice Book § 120. *In certain cases* the defense may be raised by demurrer." *Barney* v. *Thompson,* 159 Conn. 416, 419, 270 A.2d 554. (Emphasis added.) But here the

limitation was not reached until after the defendants had pleaded. The action was commenced on November 27, 1965, and the pleadings were closed by the defendants on September 7, 1967, approximately one and one-half months before the two-year limit on obtaining judgment expired. Accordingly, it was not possible for the defendants to demur initially. In such a situation one commentator has suggested that the pleadings be amended. "The common law had a plea known as *puis darrein continuance* by which the defendant was allowed to assert, as a matter of right, any defense which arose subsequent to the filing of the original answer. . . . The plea is designed to add new defenses that were not available when the original answer was filed. . . . Since the plea of *puis darrein continuance* is not generally known, the defendant is probably wise to seek to add his new defense by amendment. If he encounters objection, he could then argue that his motion is really the old common law plea and that he has a right to assert the defense." 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 132 (b), pp. 552–53. In this case, however, the defendants did not amend their pleadings in order to assert the defense and instead the trial court raised it on its own motion.

"It is stated in . . . [*Fleshman* v. *Whiteside,* 148 Ore. 73, 34 P.2d 648] that the rule in most jurisdictions is that the failure to bring the suit to enforce a mechanics' lien within the time prescribed by the mechanics' lien law is not waived by failure to raise such objection by demurrer or answer." Note, 93 A.L.R. 1462. Generally, "limitations on actions . . . are considered procedural or personal and thus subject to waiver. . . . This is so because it is considered that the limitation merely acts as a bar to

a remedy otherwise available. . . . Such is not considered to be the case, however, where a specific limitation is contained in the statute which establishes the remedy. Here the remedy exists only during the prescribed period and not thereafter. . . . In such situations the Statute of Limitations is considered substantive or *jurisdictional* rather than procedural or personal [emphasis added]." *Matter of Benjamin* v. *State Liquor Authority,* 17 App. Div. 2d 71, 73, 230 N.Y.S.2d 888, rev'd on other grounds, 13 N.Y.2d 227, 195 N.E.2d 889; *Karp* v. *Urban Redevelopment Commission,* 162 Conn. 525, 529, 294 A.2d 633; *Vegliante* v. *New Haven Clock Co.,* 143 Conn. 571, 580, 124 A.2d 526; *Industrial Finance Corporation* v. *Danbury Shopping Center, Inc.,* 27 Conn. Sup. 200, 202, 233 A.2d 692. Since the expiration of the cause of action is jurisdictional, the court could properly raise the question of jurisdiction on its own motion. *Lewis* v. *Rosen,* 149 Conn. 734, 735, 181 A.2d 592.

The plaintiff makes a further claim based on the theory of unjust enrichment, but it will not be pursued because the record reveals that it was not raised at the trial. Practice Book § 652; *State* v. *Mortoro,* 157 Conn. 392, 393, 254 A.2d 574.

Since our holding above is dispositive of the remaining assignments of error they need not be discussed.

There is no error.

In this opinion the other judges concurred.