[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff Bank of Boston Connecticut moves to strike the defendant Storch's cross-claim and counterclaim on the grounds of the invalidity of Storch's mechanic's lien.
On September 30, 1987, the defendant, Juris Associates Limited Partnership (hereinafter Juris) signed a promissory note promising to pay the plaintiff, Bank of Boston Connecticut (hereinafter Bank of Boston), $7,600,000.00 plus interest, late fees, and attorneys' fees incurred in collecting on the note. (Second Amended Complaint, para. 3-6). To secure the note, the defendant gave a mortgage to the plaintiff on the property and improvements at Juris Place, located on Grand and Hungerford Streets in Hartford, Connecticut (Second Amended Complaint, para. 8). The maturity date of the note was September 30, 1989. (Second Amended Complaint, para. 12).
Storch Associates (hereinafter Storch), under written contract, performed work on the property in question between September 3, 1987 and May 23, 1989. (Cross-claim of Storch, para. 3). Storch claims that the amount still due under the contract is $40,735.00 plus interest. (Cross-claim of Storch, para. 4). When payment on the contract was not received, CT Page 9789 Storch filed a certificate of mechanic's lien on June 2, 1989 with the Town Clerk of the Town of Hartford and made service of the lien upon Juris. (Cross-claim of Storch, para. 6).
On April 4, 1990, Storch instituted an action to foreclose the mechanic's lien in the Hartford/New Britain Judicial District (D.N. CV-90-0377018S). In that action, Storch named as defendants both Juris and the plaintiff in the present action, Bank of Boston. Bank of Boston answered Storch's complaint on April 23, 1990. That case is presently involved in pretrial motions and discovery.
Bank of Boston commenced the present foreclosure action on February 26, 1990 and named Storch as a defendant, mechanic's lienholder. On August 23, 1990, Storch filed its answer to the plaintiff's second amended complaint, which included an affirmative defense asserting that it has filed a mechanic's lien and therefore has an interest in the property. On September 4, 1990, Storch filed a cross-claim against its co-defendants, Juris Associates and other mechanic's lienors and a counterclaim against Bank of Boston to foreclose on its original mechanic's lien. Storch filed a new lis pendens at this time.
On September 20, 1991, Bank of Boston filed a motion to strike Storch's cross-claim and counterclaim on the following grounds: (1) That Storch's mechanic's lien is invalid since the present action was filed more than one year after Storch recorded its certificate of mechanic's lien; and (2) that Storch's mechanic's lien is invalid under General Statutes 49-35 because Storch failed to serve a copy of the lien upon the mortgagee of the property who is the owner of the property. Storch filed a memorandum in opposition to Bank of Boston's motion to strike on October 4, 1991.
The motion to strike contests the legal sufficiency of the allegations of any complaint to state a claim upon which relief may be granted. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). The trial court, in deciding on a motion to strike, must admit the truth of all facts well-pleaded, Mingachos v. CBS, Inc., 195 Conn. 91,108, 491, A.2d 368 (1985), and the court is limited to the facts alleged in the complaint. Gordon, supra, 170. However, the court should not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos, supra, 108. The court's inquiry is "if facts provable under the allegations would support a defense or cause of action, then the motion to strike must fail." Id., 108.
The plaintiff in the present action seeks to strike the CT Page 9790 counterclaim against itself as well as the cross-claim against Juris and the other mechanic's lienors.
In Hofmiller v. Joseph, Conn. Sup. 143, 144 (1952), the court held that the defendant's motion to strike the complaint as a whole when only one count of the complaint was directed towards that defendant was improper. In the instant case Bank of Boston moves to strike a cross-claim against other parties in the action. Under the reasoning of the court in Hofmiller this is improper. We agree. Accordingly, plaintiff's motion to strike the cross-claim is denied.
With respect to the counterclaim, Bank of Boston's first argument, in support of its motion to strike, claims that Storch failed to file its foreclosure action within one year of the date of the recording of its mechanic's lien. Section49-39 of the Connecticut General Statutes states:
 A mechanic's lien shall not continue in force for a longer period than one year after the lien has been perfected, unless the party claiming the lien commences an action to foreclose it, by complaint, cross-complaint or counterclaim, and records a notice of lis pendens within one year from the date the lien was recorded . . . . each such lien after expiration of the one year period . . . without action commenced and notice thereof filed as aforesaid, shall be invalid and discharged as a matter of law.
General Statutes 49-39. The time limitation of General Statutes 49-39 is a limitation of the lienor's rights under the statute. Diamond National Corporation v. Dwelle,164 Conn. 540, 543, 325 A.2d 259 (1973); Persky v. Puglisi,101 Conn. 658, 666, 127 A. 351 (1925). The liens of lienors "who failed to commence any action of foreclosure within the time limited by the statute, are no longer in force; as liens they have ceased to exist." Persky, supra, 666; see General Statutes 49-40a.
In the present action, Storch filed its certificate of mechanic's lien on June 2, 1989 and filed its counterclaim, and lis pendens, on September 4, 1990; more than one year after the filing date. Storch, however, argues that the counterclaim is timely because it had brought a foreclosure action against Juris and Bank of Boston in a separate, timely action. According to Storch, the only reason it attempted to CT Page 9791 institute the counterclaim in the present action was "as an added step to assert and protect its prior right as lienor upon the premises." (Memorandum in Opposition to Plaintiff's Motion to Strike Cross-Claim and Counterclaim).
However, Storch's counterclaim is barred by the one year time limitation of General Statutes 49-39. Storch has already protected its interest in the property by filing its original foreclosure action and asserting its affirmative defense that it has a prior right in the property in the present action. Accordingly, the court grants plaintiff's motion to strike Storch's counterclaim.
Because the first ground of plaintiff's motion to strike is dispositive, the court does not address the merits of the second ground concerning the notice requirement of General Statutes 49-35.
In addition to acting on plaintiff's motion to strike, the court orders consolidation of the present action and Storch's original foreclosure action. Consolidation of cases is governed by 84A of the superior court civil rules which states:
 Whenever there are two or more separate actions which should be tried together, the court may, upon the motion of any party or upon its own motion, order that the actions be consolidated for trial. The court files in any action consolidated pursuant to this section shall be maintained as separate files and all documents submitted by counsel of the parties shall bear only the docket number and case title of the file in which it is to be filed.
Practice Book 84A. In the present action, the court upon its own motion, consolidates Storch's timely foreclosure action with the Bank of Boston's foreclosure action. Consolidating these files serves to further protect each party's interest in the property.
In summary, the plaintiff's motion to strike is denied as to defendant Storch's cross-claim, but granted as to defendant Storch's counterclaim. The court consolidates the present action with superior court File CV-90-0377018S.
M. Hennessey, J. CT Page 9792