[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW
This action arises out of two separate mechanic's liens recorded against property now owned by the defendant, Housing Authority. The liens were filed on May 23, 1985 and April 30, 1986, respectively, and separate actions were commenced to foreclose each one. There is no dispute as to the timeliness of the foreclosure actions.
Each foreclosure action was dismissed pursuant to Practice Book 251, for failure to prosecute with reasonable diligence. On December 4, 1987, the foreclosure action on the 1985 lien was dismissed, and the foreclosure action on the 1986 lien was dismissed on June 17, 1988.
On December 1, 1988, within one year of the dismissals, the plaintiff instituted the present action, claiming in each of two counts, accidental failure of suit pursuant to General Statutes52-592. The defendants filed a motion to strike the complaint on the ground that it failed to state a claim upon which relief can be granted because the actions to foreclose plaintiff's mechanic's liens were not instituted within one year after the filing of the respective liens, thereby rendering inapplicable General Statutes52-592. The plaintiff resists this argument, claiming that the accidental failure of suit is applicable notwithstanding the fact that the underlying foreclosure actions are statutory.
A motion to strike tests the legal sufficiency of a complaint and admits all facts well-pleaded. Mingachos v. CBS, Inc., 196 Conn. 91, CT Page 10797 108 (1985). On a motion to strike, the court must take the facts to be those alleged in the complaint and must construe the complaint in the manner most favorable to the pleader. Blancato v. Feldspar Corp., 203 Conn. 34, 36 (1987). "The sole inquiry at this state is whether the plaintiff's allegations, if proved, state a cause of action." Carroll, Conservatrix v. Burns, Commissioner, 2 CSCR 533 (April 6, 1987, McDonald, J.).
Foreclosure of a mechanic's lien is governed by General Statutes 49-39, which provides that:
 "[a] mechanic's lien shall not continue in force for a longer period than one year after the lien has been perfected, unless the party claiming the lien commences an action to foreclose it, . . . and records a notice of lis pendens in evidence thereof on the land records of the town in which the lien is recorded within, one year from the date the lien was recorded. . . . Each such lien, after the expiration of the one-year period . . . without action commenced and notice thereof filed as aforesaid, shall be invalid and discharged as a matter of law."
It has long been recognized that "[e] mechanic's line is a creature of statute and gives a right of action which did not exist at common law." Diamond National Corp. v. Dwelle, 164 Conn. 540,543 (1973). In re-stating the general rule, the court, quoting DeMartino v. Siemon, 90 Conn. 527, 528 (1918), held that:
 "The general rule is that where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone."
General Statutes 49-40a provides that "[a]ny mechanic's lien which has expired because of failure to comply with the time limitations of section 49-39 is automatically extinguished and the continued existence of the lien unreleased of record in no way affects the record owner's title nor the marketability of the same." The clear legislative intent to provide adequate protection of title and assure marketability underlay, in part, the decision in Diamond, supra, when the court, in reviewing, General Statutes 49-39, held that the statute:
 "established time limits on the validity of the mechanic's lien and that in failing to meet CT Page 10798 these limitations, the plaintiff lost his cause of action and the court consequently lost jurisdiction over the subject matter." Id., at 541.
Also, see Conn. Steel Co. v. National Amusements, Inc., 166 Conn. 255,261-62 (1974): Persky v. Puglisi, 101 Conn. 658, 666 (1925).
Diamond further held that in foreclosing a mechanic's lien, ". . . the remedy, exists only during the prescribed period and not thereafter. . . . In such situations the statute of limitations is considered substantive or jurisdictional rather than procedural or personal." Diamond, supra, at 547.
In the instant case, the dismissal of plaintiff's prior actions for failure to prosecute with diligence deprived the court of jurisdiction to revive a statutory action "as a matter of law" under the provisions of 49-39 and 49-40a. In failing to prosecute with due diligence, plaintiff is not charged with a failure of "any matter of form", but, rather, with failure to pursue its substantive right to have its day in court, its right to be heard under our laws. Once the actions to foreclose the liens were dismissed, the statutory provisions set forth in 49-39
and 49-40a controlled. The liens continued to exist, unreleased, since dismissal of the foreclosure actions could not discharge the liens. The dismissals did however bring those liens within the ambit of that part of 49-39 requiring the discharge by operation of law of any mechanic's lien perfected for a longer period than one year and no action to foreclose the lien had commenced. Since General Statutes 49-40a automatically extinguished the liens, they cannot be revived by the provisions of General Statutes 52-592, because the court lacks jurisdiction and the parties cannot confer jurisdiction on the court.
The motion to strike is granted.
LEANDER C. GRAY JUDGE