[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS AND MOTION TO OPEN DEFAULT
The plaintiff, a real estate broker, has filed this two-count amended complaint seeking, in count one, to foreclose upon a broker's lien it filed with the town clerk of Milford for unpaid real estate commission the plaintiff alleges it is owed and, in count two, damages for breach of contract. On March 30, 1998, the plaintiff filed a demand for disclosure of defense. On April 16, 1998, the plaintiff filed simultaneous motions for default for failure to plead and for default for failure to disclose a defense. The former was granted by the clerk pursuant to Practice Book § 363A, now Practice Book (1998 Rev.) § 17-32,[1]
on April 21, 1998, and the latter was granted by the court,Curran, J., on May 4, 1998.
On April 24, 1998, the defendant filed a motion to dismiss the first count of the amended complaint pursuant to Practice Book § 145, now Practice Book (1998 Rev.) § 10-33, on the basis that the court lacks subject matter jurisdiction over the CT Page 12539 count because the lien has been extinguished by the plaintiff's failure to comply with the time limitations for filing suit after written demand by the owner has been made upon a broker under General Statutes § 20-325a(m). In support of the motion, the defendant filed an affidavit and exhibits.
On June 24, 1998, the plaintiff filed an objection to the motion to dismiss on the grounds that: (1) the defendant has been defaulted and the default has not been set aside by the filing of an answer;[2] (2) a statute of limitations defense is properly raised as a special defense, not on a motion to dismiss; and (3) essential conditions of the broker's lien statute, § 20-325a, have been met.
On July 6, 1998, the defendant filed a motion to open the default for failure to plead entered on April 21, 1998, pursuant to Practice Book § 376, now Practice Book (1998 Rev.) § 17-42, on the basis that the default was entered prematurely. In the alternative, the defendant argues that the court has the authority to open based on accident or mistake, or because a valid defense exists. The plaintiff has filed no opposition to the motion to open the default.
A. Motion to Dismiss
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . [and] shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." (Internal quotation marks omitted.) Sadloski v. Manchester,235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995).
As a threshold matter, the plaintiff argues that the defendant's motion to dismiss should be denied because the defaults against the defendant have not been set aside. That is, according to the plaintiff, the merits of the motion to dismiss should not be reached because the defendant has been defaulted. CT Page 12540 The plaintiff provides no authority in support of this proposition. A search of the pertinent authority reveals that "once the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." Figueroa v. CS BallBearing, 237 Conn. 1, 4, 675 A.2d 845 (1996). "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." (Internal quotation marks omitted.) Statewide Grievance Committee v.Rozbicki, 211 Conn. 232, 245, 558 A.2d 986 (1989).
The fact that defaults have been entered against the defendant for failure to plead and failure to disclose a defense is of no moment since the defendant's motion to dismiss implicates the subject matter jurisdiction of the court to hear count one of the plaintiff's complaint — a challenge that may be properly raised at any time. See, e.g., Gagnon v. PlanningCommission, 222 Conn. 294, 297, 608 A.2d 1181 (1992). The court must address the motion to dismiss before proceeding further with the case, and therefore the plaintiff's objection to the motion to dismiss on the basis that the defendant has been defaulted is without merit. See Shyrer v. Associated Pulmonologists of WesternConnecticut, Superior Court, judicial district of Danbury, Docket No. 319434 (April 15, 1996) (Moraghan, J.) (17 CONN. L. RPTR. 539) (holding that the court should address defendants' motion to dismiss for lack of subject matter jurisdiction before addressing motion to set aside defaults entered against defendants); NeimanMarcus Group, Inc. v. Meehan, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 387601 (September 19, 1991) (Schaller, J.) (5 CONN. L. RPTR. 16, 6 C.S.C.R. 898) (declining to entertain a motion to strike because defendant had not moved to open default entered against him, but considering motion to dismiss because such a motion is proper to assert lack of subject matter jurisdiction at any time).
As a second threshold matter, the plaintiff argues that the defendant's motion to dismiss on the ground that the plaintiff's claim is "time barred" is properly raised as a special defense, not on a motion to dismiss. The court disagrees.
Although the plaintiff is correct that normally "the defense of the Statute of Limitations . . . must be specially pleaded and CT Page 12541 cannot be raised by a" motion to dismiss; Ross Realty Corp. v.Surkis, 163 Conn. 388, 391, 311 A.2d 74 (1972); "[w]here . . . a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. . . . In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not of the remedy alone. . . . [U]nder such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised [by the court] at any time, even by the court sua sponte, and may not be waived." (Internal quotation marks omitted.) Ambroise v.William Raveis Real Estate, Inc., 226 Conn. 757, 766-67,628 A.2d 1303 (1993). See, e.g., Ecker v. West Hartford, 205 Conn. 219,232, 530 A.2d 1056 (1987) (time limitation on bringing wrongful death action held jurisdictional); Diamond National Corp. v.Dwelle, 164 Conn. 540, 325 A.2d 259 (1973) (time limitation for bringing action for foreclosure of mechanic's lien held jurisdictional); Simmons v. Holcomb, 98 Conn. 770, 120 A. 510
(1923) (time limitation for bringing workers' compensation claim held jurisdictional).
General Statutes § 20-325a provides for actions by real estate brokers to recover commissions arising out of real estate transactions, and provides the process for securing liens for real property and claims for liens based on commissions owed. "The statutory scheme of § 20-325a requires that a party who sues for a real estate commission must first show that the written contract or authorization under which the claim is made satisfies the facial requirements of the statute as to names, addresses, date, conditions and signatures." (Emphasis omitted.) CMG Realtyof Connecticut, Inc. v. Colonnade One, 36 Conn. App. 653, 658,653 A.2d 207 (1995). If "no listing agreement was in effect when the plaintiff's services were rendered, the plaintiff is statutorily barred from recovering a commission. A broker who does not follow the mandate of the statute does so at his peril." (Internal quotation marks omitted.) New England InvestmentProperties, Inc. v. Spire Realty and Development Corp.,31 Conn. App. 682, 686, 626 A.2d 1316 (1993). General Statutes § 20-325a(d) provides that a duly licensed real estate broker who has performed services relating to real property pursuant to a contract meeting the requirements of the statute has a lien upon the property. Section 20-325a(j) provides the method by which a broker may bring suit to enforce a claim for lien which has been properly recorded. CT Page 12542
General Statutes § 20-325a(m), the portion of the statute at issue in the present case, provides, in relevant part, that "[u]pon written demand of the owner or the owner's authorized agent, served on the broker claiming the lien requiring suit to be commenced to enforce the lien, a suit shall be commenced within forty-five days thereafter, or the claim for lien shall be extinguished. Service of any such written demand shall be by registered or certified mail, return receipt requested, or by personal service upon the broker by any indifferent person, sheriff or other proper officer by leaving with such broker or at the broker's usual place of abode a true and attested copy thereof."
A thorough search of Connecticut case law reveals that no Connecticut court has addressed, nor even cited, § 20-325a(m). It is evident, nevertheless, that, contrary to the plaintiff's argument, the time limitation in § 2O-325a(m) is jurisdictional in nature and, therefore, appropriately raised in a motion to dismiss.
Similar to the limitations requirements in the broker's lien statute are the limitations requirements in the mechanic's lien statutes, General Statutes § 49-39 and 49-40a, which have been determined to be jurisdictional in nature. General Statutes § 49-39 provides, in pertinent part: "Time limitation ofmechanic's lien. Action to foreclose privileged. A mechanic's lien shall not continue in force for a longer period than one year after the lien has been perfected, unless the party claiming the lien commences an action to foreclose it, by complaint, cross-complaint or counterclaim, and records a notice of lis pendens in evidence thereof on the land records of the town in which the lien is recorded within one year from the date the lien was recorded or within sixty days of any final disposition of an appeal taken in accordance with section 49-35c, whichever is later. Each such lien, after the expiration of the one-year period or sixty-day period, as the case may be, without action commenced and notice thereof filed as aforesaid, shall be invalid and discharged as a matter of law. An action to foreclose a mechanic's lien shall be privileged in respect to assignment for trial. . . ." General Statutes § 49-40a provides: "Mechanic'sliens expired by limitation of time. Any mechanic's lien which has expired because of failure to comply with the time limitations of section 49-39 is automatically extinguished and the continued existence of the lien unreleased of record in no CT Page 12543 way affects the record owner's title nor the marketability of the same."
In General Statutes § 49-39, "the limitations are directed so specifically to the cause of action that under the general rule as well as under ordinary rules of construction thetime limitations are limitations on the right. . . . Here the remedy exists only during the prescribed period and not thereafter. . . . In such situations the Statute of Limitations is considered substantive or jurisdictional rather than procedural or personal. . . . [T]he question of subject matter jurisdiction can be raised at any time . . . and the lack thereof cannot be waived. . . . [T]he great body of law supports the principle that limitations on a mechanic's lien are limitations on the right." (Citations omitted; emphasis in original; internal quotation marks omitted.) Connecticut Steel Co. v. National Amusements,Inc., 166 Conn. 255, 262-63, 348 A.2d 658 (1974); see also OxfordPaint Hardware, Inc. v. Baxter, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 036876 (October 7, 1992) (Curran, J.). "The lien is a creature of the statute, and the General Assembly, which created the right, may set a limit to the term of its existence." Persky v. Puglisi,101 Conn. 658, 666, 127 A. 351 (1925). "In Connecticut, a mechanic's lien is a creature of statute and establishes a right of action where none existed at common law. . . . [Section] 49-39 is not merely a limitation of the remedy, but is a limitation of the cause of action itself." (Citations omitted.) H. G. BassAssociates, Inc. v. Ethan Allen, Inc., 26 Conn. App. 426, 429,601 A.2d 1040 (1992).
Similarly here, a broker's lien provided for in § 20-325a
is a creature of statute, establishing a right of action which did not exist at common law. Moreover, § 20-325a(m), providing a forty-five day period in which to bring suit after demand for suit is made, is a limitation on the cause of action itself as the language "or the claim for lien shall be extinguished" indicates. Accordingly, the defendant has appropriately raised the limitation period in § 20-325a(m) in her motion to dismiss. The plaintiff's argument that the limitations period should be raised only as a special defense is, therefore, without merit.
Turning to the substance of the defendant's motion to dismiss, the defendant argues that she, as owner, made written demand upon the plaintiff under § 20-325a(m) requiring suit CT Page 12544 to be commenced to enforce the lien, and suit was not commenced within forty-five days thereafter. Therefore, the defendant argues that any claim for lien by the plaintiff has been extinguished. Accompanying her motion to dismiss, the defendant attaches an affidavit of her attorney indicating that written demand for suit was sent on January 29, 1997 by certified mail. The defendant also attaches to her motion to dismiss a copy of the demand letter sent, and a copy of the return receipt for certified mail dated January 30, 1997, and signed by Marc Seigel. Suit was commenced by the plaintiff in this court on January 13, 1998, almost a year from the date on the return receipt. Therefore, the defendant argues that any lien was extinguished because suit was commenced more than forty-five days from the date demand for suit was made.
The plaintiff argues in response that it has timely filed its action to foreclose its broker's lien by filing its complaint within one year from the recording of the lien pursuant to General Statutes § 20-325a(j). Section 20-325a(j) provides, in relevant part: "A broker may bring suit to enforce a claim for lien in the superior court in the judicial district where the real property is located by filing a complaint and sworn affidavit that the claim for lien has been recorded in accordance with this section. The person claiming a lien shall, unless the claim is based upon an option to purchase the real property, within one year after recording the claim for lien, commence foreclosure by filing a complaint. Failure to commence foreclosure within one year after recording the lien shall extinguish the lien. No subsequent claim for lien may be given for the same claim nor may that claim be asserted in any proceedings under this section. . . ."
"It is a basic tenet of statutory construction that the legislature did not intend to enact meaningless provisions. . . . [I]n construing statutes, we presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous." (Internal quotation marks omitted.) Hartford Hospital v. Department of Consumer Protection,243 Conn. 709, 718, 707 A.2d 713 (1998). While § 20-325a(j) provides for one limitations period where there has been no demand for suit, § 20-325a(m) provides for a separate limitations period in the event of such demand. It is not sufficient for a broker to claim to have met the requirements of subsection (j) where there has been demand made under subsection (m). Once demand is made, the broker must comply with the time CT Page 12545 limitations provided therein or the lien is extinguished.
It is clear on the face of the record that the court is without jurisdiction because the lien forming the basis for the foreclosure action in count one of the complaint has been extinguished due to the plaintiff's failure to timely file suit pursuant to General Statutes § 20-325a(m). Therefore, the defendant's motion to dismiss count one of the complaint is granted.
B. Motion to Open Default
Although the defaults entered against the defendant are moot as to the first count of the complaint, since the first count has been dismissed, the defaults have not technically been set aside as to the second count of the complaint and presumably remain in effect. The defendant has filed a motion to open as to the default for failure to plead pursuant to Practice Book § 17-42, but not as to the default for failure to disclose a defense. Thus, the court's ruling on the motion to open the default does not address the default for failure to disclose a defense in the event such default applies to the second count of the amended complaint.
Pursuant to Practice Book § 17-42, "[a] motion to set aside a default where no judgment has been rendered may be granted by the judicial authority for good cause shown upon such terms as it may impose. As part of its order the judicial authority may extend the time for filing pleadings or disclosure in favor of a party who has not been negligent. . . ." "[I]t is well established that [t]he determination of whether to set aside [a] default is within the discretion of the trial court." (Internal quotation marks omitted.) Higgins v. Karp,243 Conn. 495, 504, 706 A.2d 1 (1998). In exercise of that discretion, the court grants the motion to set aside the default for failure to plead and orders that an appropriate pleading be filed within 21 days.
The Court
Curran, J.