Townsend *v.* Barlow.

## WILLIAM TOWNSEND ET AL. *vs.* WALTER E. BARLOW ET ALS.

First Judicial District, Hartford, May Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and ELLS, Js.

Long usage has attached certain definite, legal implications to the term "waiver of mechanic's lien."

The object which the parties had in view is a necessary consideration in construing the language of a waiver of mechanic's lien.

If an absolute waiver and relinquishment of mechanic's lien is so drawn that it applies only to claims actually existing at the date of the waiver and does not apply to claims which may thereafter arise out of the same contract, then a lien for such subsequent claims relates back to and is effective from the date when the lienor first commenced to furnish work or materials under the contract.

To enable the defendants, in the present case, to secure a temporary mortgage loan, the plaintiffs, who were contractors engaged in constructing a house upon the defendants' property, executed a waiver of all liens "we now have or hereafter may have for labor done and materials furnished." Thereafter, they filed a lien for work done and materials furnished subsequent to the date of the waiver and, in a suit to foreclose this lien, claimed that the waiver was not a defense because, by its terms, it applied only to work "done" and not to future work, and that such was the intention of the parties as evidenced by declarations of the defendants made prior to the waiver and by the fact that the defendants, when seeking additional mortgage loans, had requested the plaintiffs to sign a second waiver which the plaintiffs had refused to do. *Held* that, in the absence of fraud or mistake, the plaintiffs' claim was without merit and the evidence offered to support it inadmissible, *first*, because it would defeat the obvious purpose for which the waiver was given, viz., to afford continuing priority to the temporary mortgage loan and, *second*, because it would contradict the plain meaning of the language employed by the parties.

Argued May 7th—decided June 2d, 1924.

SUIT to foreclose a mechanic's lien, and also to recover for the services rendered and materials furnished, brought to and tried by the Court of Common Pleas in Hartford County, *Dickenson, J.;* facts found and judg-

ment rendered refusing a foreclosure of the lien but allowing a recovery of the debt ($600) against the defendants Walter E. and Katherine M. Barlow, from which the plaintiffs appealed. *No error.*

The complaint is in the usual form. The owners of the premises, defendants Walter E. and Katherine M. Barlow, answered alleging that the plaintiffs on April 15th, 1918, executed a written waiver of all liens or claims of liens on the premises. They also made a counterclaim, which is not involved in this appeal. Defendants the Berlin Savings Bank and Frank J. Kirk, mortgagees, pleaded the waiver. Plaintiffs replied that the waiver was given "to permit a temporary loan to be made on said property," and that plaintiffs expressly refused to execute a waiver to permit the subsequent mortgage loans to be made. The following facts appear in the finding.

The defendants Barlow being the owners of land on which they were building a house, made a written contract with the plaintiffs to furnish the carpenter labor in its erection, for the sum of $1,050 payable in instalments as the building progressed; the last instalment of $400 being payable when the carpenter labor was completed. Plaintiffs fully performed the work contracted for, and some extra work, and have been paid except for a balance of $600.24 which is still due.

During the progress of the work the defendants requested the plaintiffs to sign, and the plaintiffs did sign, a waiver of lien, in order that the defendants might obtain a loan or loans to meet the cost of construction of the house. This waiver of lien, dated April 15th, 1918, and signed by the plaintiffs and the other contractors, recites that the subscribers "have waived and relinquished and do hereby waive and relinquish all liens and claims of liens we now have or hereafter may have" upon the land and buildings in question

"for labor done and materials furnished for the construction and erection of said buildings." The owners received a loan or loans made in reliance on the above waiver, and paid the plaintiffs all the instalments due under their contract, with the exception of the last payment, about which there was a dispute as to the amount due. On or about August 15th, 1918, defendants informed plaintiffs that additional loans secured by mortgages on the premises were to be made by the Berlin Savings Bank and Frank J. Kirk, and requested the plaintiffs to sign another waiver of mechanic's lien to enable such loans to be made. This the plaintiffs refused to do unless the contract price was paid in full, though a cash payment on account was offered as an inducement to sign. The proposed mortgage loans were finally made in reliance on the original waiver, though the mortgagees, or their agents, knew that the plaintiffs had refused to sign an additional waiver.

The trial court finds that the original waiver "was given for the general purpose expressed in it, that is, to waive and relinquish all liens, or rights of liens, which the plaintiffs then had, or might thereafter acquire, under the contract set forth in paragraph two of this finding"; i. e., the contract for furnishing the carpenter labor for the building. On October 31st, 1918, the plaintiffs filed a certificate of their lien, and thereafter brought this action to foreclose it.

At 'the trial the plaintiffs offered testimony tending to prove the declarations of the defendants made before the waiver of April 15th was signed, as to its purpose and effect. Upon objection this testimony was excluded, and the plaintiffs excepted.

*Alvan Waldo Hyde,* for the appellants (plaintiffs).

*David B. Henney,* for the appellees (defendants).

BEACH, J.  The plaintiffs made two principal claims: first, that the written waiver of lien on its face waives only the plaintiffs' lien or right of lien for "work done," and does not operate as a relinquishment of the right of lien for work to be done, and second, that the court erred in refusing to allow the plaintiffs to prove the circumstances under which it was executed, and the purposes for which it was intended, in order to ascertain its true intent.

By way of introduction to these claims, it is argued that the word "waiver" has no definite and rigid meaning in the law, and that is quite true.   Nevertheless, it is capable of taking on a very definite meaning from its context, and the term "waiver of mechanic's lien" has by long usage become descriptive of a writing having the purpose and effect of releasing, according to its terms, the statutory right to a mechanic's lien. Though in terms purporting to affect only the mutual rights of the lienor and owner, it is intended for the information and security of third persons, who may be induced thereby to loan money to the owner of the premises on the lienor's assurance that his statutory incumbrance has been released; and the real consideration which moves the lienor to release his incumbrance is the expectation that his employer will be put in funds out of which he hopes to be paid in whole or in part.   A waiver of mechanic's lien, having these well-understood implications, and which in terms waives and relinquishes all liens and claims of liens which the lienor now has or hereafter may have, possesses a very plain and unmistakable legal significance.

In construing such a writing it is, as we said in *Weinberg* v. *Valente*, 79 Conn. 247, 249, 64 Atl. 337, "necessary to consider the words employed by the parties to express their intent, in the light of the object which they had in view while employing them.   This

was to facilitate a future loan on the security of the land."

In that case the same claim as to construction was made as in this: namely, that the lien was waived only to the extent of the value of the work and materials furnished up to the date of the writing; and in that case the waiver was of "all right, title, and interest to any privilege of lien for materials, labor, and stock furnished and used" in the building. It did not, as this writing does, expressly waive and relinquish "all . . . claims of lien" which the lienor "hereafter may have." Nevertheless, we held, that having regard to the object which the parties had in view, of facilitating a future loan on the security of the premises, it must be construed as a release of the lien in respect of all materials and labor thereafter to be furnished under the lienor's contract. The reason given is that otherwise a release by a lienor whose contract is not fully performed at the date of the writing will not serve its intended purpose of giving priority to the prospective mortgagee, because the lien for the unperformed balance of the lienor's contract will by the terms of the statute relate back to the time when the lienor commenced to perform.

We have also very recently had occasion to construe a waiver of mechanic's lien identical in language with the present waiver, in *Hillhouse* v. *Duca, post,* p. 92, 125 Atl. 367. One of the claims made in that case was that since the finding showed that the waiver was signed for the purpose of facilitating certain specific mortgage loans, it should not be construed as effective in favor of another contractor who had not waived his lien; and that claim was dismissed on the ground that the plain and unmistakable terms of the writing could not be varied by construction so as to import an exception into a general release of lien. In the present

case also, the construction contended for is wholly inconsistent with the words employed by the parties to express their intent.

It must be assumed that the loan which is described in the plaintiffs' reply as "a temporary loan," was intended to be secured by mortgage on the premises; otherwise, there would have been no occasion for signing a waiver in order to permit it to be made. And so the construction which the plaintiffs ask for is open to a double objection. Even on the plaintiffs' theory it would defeat the object which the parties had in view (*Weinberg* v. *Valente, supra*); and upon any theory it would contradict the plain meaning of the words which the parties employed to express their intent. *Hillhouse* v. *Duca, supra*. See also Boisot on Mechanics' Liens, § 733; 18 R. C. L. p. 963, § 105; 27 Cyc. p. 264.

The plaintiffs' argument really rests on inferences sought to be drawn from the finding that the plaintiffs were asked to sign a second waiver to facilitate the mortgage loans made by the Berlin Savings Bank and Frank J. Kirk, and that they refused to do so. Plaintiffs infer from these findings that the parties must have intended that the waiver of April 15th should not apply to subsequent loans, or to work to be done after its date. This conclusion is, however, directly in conflict with the finding already quoted, to the effect that the original waiver was given for the general purpose expressed in it. It does not appear from the finding why the request for a second waiver was made. Certainly it was not because of any possible ambiguity in the terms of the waiver already signed. And it is not found that either the owners or the mortgagees had any notice, before these mortgage loans were made, of the plaintiffs' present claim that the original waiver did not mean what it said. It is found that the mortgage loans were made in reliance on the waiver already exe-

cuted; and on this record no reason appears why both the owners and mortgagees were not entitled to rely on it, as expressing the actual intent of the parties. In fact, no claim is now made that it does not express that intent, except as it is sought to limit the apparent meaning of the language by a process of construction. There is no allegation of fraud or mistake; and for reasons given we hold that the limited construction contended for by the plaintiffs is wholly inadmissible.

Because of the absence of any allegation of fraud or mistake, the plaintiffs' offer to prove what was said before the waiver was signed, was properly excluded on the ground that the writing was on its face an absolute and unconditional release of the plaintiffs' statutory lien.

There is no error.

In this opinion the other judges concurred.