JACOB SPIVACK *v.* CONNECTICUT SMILES, INC.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued June 4—decided June 26, 1941.

*Alfonse C. Fasano,* for the appellant (defendant).

*Albert Evans,* with whom, on the brief, was *Jack Evans,* for the appellee (plaintiff).

AVERY, J. The plaintiff brought this action to recover $300 deposited with the defendant to secure the faithful performance of a contract. In the trial court, judgment was entered for the plaintiff from which the defendant has appealed. The essential facts are these:

The defendant entered into a written agreement with Herman Lakoff and Barney Spivack under which they were to operate an ice cream business in New Haven and vicinity, which belonged to the defendant, during the summer of 1939. The agreement provided for the deposit with the defendant of a cash bond in the amount of $300 to secure the full and faithful performance of the terms of the agreement. The plaintiff deposited the amount specified, and the period for the operation of the business under the agreement having terminated under its terms, brought this action to secure the return of the deposit. Under the agreement certain trucks, tricycles and other property were delivered to Lakoff and Spivack for use during the period covered by the agreement. The agreement contained a provision that the party of the second part (Lakoff and Spivack) should insure the equipment designated in the agreement against liability for all injuries to persons or damage to property. Lakoff and Spivack did not carry such insurance during the period of contract.

At the trial, over the objection of the defendant, the plaintiff's counsel was permitted to show by a witness that before the written agreement was signed there was an understanding between the parties that this provision should not become operative. There was no claim of fraud or mistake and as offered the testimony amounted to an attempt to vary the terms of a written contract by testimony as to a previous oral agreement between the parties. This ruling was erroneous. *Townsend* v. *Barlow,* 101 Conn. 86, 91, 124 Atl. 832; *Lakitsch* v. *Brand,* 99 Conn. 388, 393, 121 Atl. 865; *Fidelity and Casualty Co.* v. *Thames Ferry Co.,* 82 Conn. 475, 478, 74 Atl. 780; *Allen* v. *Ruland,* 79 Conn. 405, 411, 65 Atl. 138; 9 Wigmore, Evidence (3d Ed.) § 2444.

Although this ruling was erroneous it did not constitute reversible error. It appears from the finding that the agreement in all other respects was fully carried out. At the end of the period, the equipment was returned to the defendant in good condition, wear and tear excepted. It is further found that Lakoff and Spivack, in the conduct of the business, did not incur any liability for injuries to persons or damage to property and that they kept the defendant harmless from any acts, obligations, or any other form of legal liability incurred by them during the period of the agreement. It thus appears that the failure of these parties to keep the trucks and tricycles insured did not cause any damage to the defendant.

The cash was deposited by the plaintiff as security for the faithful performance of the contract, which by its terms provided for the return of the deposit upon performance. The agreement imposed various obligations upon Lakoff and Spivack and the damages recoverable upon the breach of the various covenants would vary greatly. Also the sum would be clearly excessive in the case of certain breaches. The deposit was in the nature of a penalty. *New Britain* v. *New Britain Telephone Co.*, 74 Conn. 326, 331, 50 Atl. 881, 1015; *Higginson* v. *Weld*, 14 Gray (Mass.) 165, 173; *Seidlitz* v. *Auerbach*, 230 N. Y. 167, 173, 129 N. E. 461; 17 C. J. 951, 952; 25 C. J. S. 677, 678. The defendant had no right to retain it at the expiration of the agreement except as it had suffered damage. *Seidlitz* v. *Auerbach*, supra, 174; Restatement, 1 Contracts, § 339; 3 Williston, Contracts (Rev. Ed.) § 790; 25 C. J. S. 704; *May* v. *Young*, 125 Conn. 1, 9, 2 Atl. (2d) 385.

There is no error.

In this opinion the other judges concurred.