FOURTH NEW LONDON NSB QUARTERS, INC., ET AL. *v.* WYOMING VALLEY CONTRACTORS, INC.

HON. THOMAS E. TROLAND, A JUDGE OF THE SUPERIOR COURT

SUPERIOR COURT       NEW LONDON COUNTY       FILE No. 27582

Memorandum filed March 14, 1961

*Brown, Jewett & Driscoll,* of Norwich, for the plaintiffs.

*Elfenbein & Lubchansky,* of New London, for the defendant.

TROLAND, J.  The plaintiffs have petitioned in equity for a summary order discharging certain mechanics' liens filed by the defendant.  The parties have appeared and have been fully heard although

no answer or other pleading has been filed. The plaintiffs are Delaware corporations, lessees of land in Groton, Connecticut, from the United States of America. Together with Joseph P. Blitz, Inc., they entered into a contract with the department of the navy for construction on said land of a 500-unit Capehart housing project. In said contract, it was agreed that no mechanics' liens should be filed or maintained against the buildings and improvements, and real estate appurtenant thereto, for or on account of any work or labor done, or materials furnished, for, toward, in, under or about the construction of the said buildings and improvements.

On March 1, 1960, Joseph P. Blitz, Inc., the "builder" described in said contract, furnished the plaintiffs and the National Commercial Bank and Trust Company of Albany, "the lender," a payment bond in the penal sum of $1,464,400 for each of the four subdivisions of the building project, to assure the prompt payment by Joseph P. Blitz, Inc., for all labor and material furnished in the prosecution of the work provided for in the contract, and to enable plaintiffs to borrow the funds to pay for the construction. Subcontractors of Blitz claiming lien rights under the laws of the place where the project is located may sue on this bond by virtue of a specific provision therein.

On February 29, 1960, Joseph P. Blitz, Inc., entered into a contract with the defendant, Wyoming Valley Contractors, Inc., under which said defendant became a subcontractor for certain work on the 500-unit Capehart housing project mentioned above. In this contract the defendant agreed as follows: "Subcontractor hereby waives and releases all lien or right of lien now existing or that may hereafter arise for work or labor performed or material furnished under this agreement under any lien laws upon the structure under which the work is being

or will be done, the land upon which the same is situated, etc." One of the purposes to be served by this waiver was to enable the plaintiffs as "mortgagor builders" to borrow the money to finance the project for the navy department. The entire contract between the department of the navy and Joseph P. Blitz, Inc., was expressly made a part of the contract between Joseph P. Blitz, Inc. and Wyoming Valley Contractors, Inc., as fully as if the same was physically incorporated therein.

In construing the portion of the contract relating to waiver of lien, it is necessary to consider the words employed by the parties to express their intent, in the light of the object which they had in view while employing them. This was to facilitate a future loan on the security of the land. *Townsend* v. *Barlow*, 101 Conn. 86, 89. Notwithstanding this agreement, the defendant Wyoming Valley Contractors, Inc., on December 22, 1960, filed five mechanics' liens on the lands covered by the housing project, the same being recorded in the land records of Groton in volume 183 at pages 83, 88, 95, 100 and 105, and each lien is stated to secure a claim amounting to $224,727.42.

The housing project we are concerned with is a project of the United States of America, acting by and through the department of the navy, to secure needed housing at the submarine base in New London. The financing of the construction is under an arrangement authorized by title 4 of the Housing Amendments of 1955, as amended, entitled "Armed Services Housing Mortgage Insurance." 69 Stat. 646, 12 U.S.C. §§ 1748-1748i. It is a complicated arrangement under which the plaintiffs were incorporated as "mortgagor builders," the navy department delivered to the "mortgagor builders" leases of the land on which the housing project is being constructed, and the "mortgagor builders" have ar-

ranged to borrow the funds to finance the construction, by mortgages to be insured by the federal housing commissioner. The "lender" of the money, the National Commercial Bank and Trust Company of Albany, will not advance further funds while the liens of the defendant remain.

The waiver of lien signed by the defendant is a a valid, absolute and unconditional release of the statutory lien for all work done and to be done by it. *Townsend* v. *Barlow,* supra; *Hillhouse* v. *Duca,* 101 Conn. 92, 102. The waiver of lien was necessary in order that the financing of the project as referred to above might be obtained. The waiver of lien was for the benefit of the plaintiffs, and they are entitled to enforce it. *Baurer* v. *Devenis,* 99 Conn. 203, 206; *Schneider* v. *Ferrigno,* 110 Conn. 86, 89. Defendant claims a breach of contract by Blitz, Inc., enables it to claim a lien notwithstanding the waiver. This claim is without merit. *Jankoviak* v. *Butcher,* 22 Ill. App. 2d 126, 129; and cases cited therein; 57 C.J.S. 795, § 224.

The defendant corporation has not qualified to do business in Connecticut. The liens filed by it in violation of its contract are in the aggregate for five times the amount of its claim against the land on the date of filing. The plaintiffs are entitled to prompt, that is to say, summary relief against this injustice without further expense or delay to them. The navy department by the contract requires completion of the work in 540 calendar days after March 10, 1960. The statutory method for discharge of invalid liens, General Statutes § 49-51, does not provide an adequate remedy to these plaintiffs. The conduct of the defendant is flagrant and highly injurious to the plaintiffs, and the law does not give adequate or effectual relief. It is the peculiar province of equity to prevent the commission of injuries. Where parties by contract have

given a right but have not provided a sufficient remedy, equity will furnish one. 2 Swift, Digest, c. 10.

The mechanics' liens filed on December 22, 1960, by Wyoming Valley Contractors, Inc., recorded in Groton land records, volume 183, at pages 83, 88, 100 and 105, are canceled and discharged.