212

JOHN BIALOWANS *v.* ROBERT O. MINOR ET AL.
JOHN WAGNER *v.* ROBERT O. MINOR
ROBERT O. MINOR ET AL. *v.* JOHN BIALOWANS
(13273)

PETERS, C. J., SHEA, CALLAHAN, GLASS and HULL, Js.

Argued October 5—decision released November 22, 1988

*Sanford Glassman* and *Lloyd L. Langhammer,* for the appellants (John Bialowans and John Wagner).

*Charles J. Irving,* for the appellees (Robert O. Minor et al.)

HULL, J. The plaintiffs, John Bialowans and John Wagner, take this joint appeal from the judgment of the trial court dissolving their prejudgment attachments and discharging the plaintiff Bialowans's mechanic's lien on the property of the defendants, Robert O. and Joann Minor. The plaintiffs assign error in the trial court's interpretation of a lien waiver agreement, upon which the trial court based its decision, and in the trial court's failure to find a lack of consideration to support the lien waiver agreement.[1] We find error in part, and remand to the trial court with instructions to reinstate the plaintiffs' prejudgment attachment liens on the defendants' property.

---

[1] In their preliminary statement of issues, the plaintiffs presented the following claims on appeal:

"1. Did the court err in equating a prejudgment attachment with that of a mechanic's lien?

"2. Did the court err in interpreting a document entitled 'Waiver of Mechanic's [Lien]' as waiving the plaintiff's right to seek a prejudgment attachment?

"3. Did the court err in its interpretation of Defendant's Exhibit I?

"4. Did the court err in ordering the dissolving of the attachment and mechanic['s] lien when there was no consideration for the waiving of the mechanic's lien?

"5. Did the court err in dissolving the mechanic's lien and prejudgment attachment where the defendant misrepresented the purpose of the waiver form?"

The first three issues submitted by the plaintiffs are essentially indistinguishable in that they challenge the trial court's interpretation of the lien waiver agreement; thus, we will treat these claims as a single issue for purposes of this appeal. Furthermore, the fifth issue was not briefed by the plaintiffs and, therefore, we deem it abandoned. *Keating* v. *Glass Container Corporation,* 197 Conn. 428, 430 n.3, 497 A.2d 763 (1985); *O'Connor* v. *Dory Corporation,* 174 Conn. 65, 70, 381 A.2d 559 (1977).

The relevant facts are not in dispute. The plaintiffs, both construction contractors, participated in the erection of a new home for the defendants. During the progress of their work the defendant Robert O. Minor requested that the plaintiffs sign, and the plaintiffs did sign, a one page document commonly referred to as a "lien waiver" agreement. This waiver of lien, dated May 12, 1987, provides in pertinent part:

"WAIVER OF MECHANIC['S] LIEN
TO ALL WHOM IT MAY CONCERN: THIS CERTIFIES THAT

We, the undersigned, contractors, sub contractors, material men, et cetera, in consideration of One Dollar received to our full satisfaction of Robert O. & Joann L. Minor of the Town of East Lyme County of New London and State of Connecticut have waived, relinquished and released and do hereby waive, relinquish and release all liens and claims of liens we now have or may hereafter have upon a piece of land and all the buildings thereon standing . . . for labor done or to be done and materials furnished or to be furnished in the erection, construction or repair of said buildings."

In July, 1987, the plaintiffs instituted separate actions against the defendants to recover damages for the alleged breach of their respective construction contracts. In conjunction with the filing of their complaints, the plaintiffs each filed a prejudgment attachment lien, pursuant to ex parte court orders, on the defendants' real estate for claimed work performed and materials supplied in the construction of a residence on the attached property. The plaintiff Bialowans also filed a mechanic's lien on the property. In August, 1987, the defendants filed two separate motions to dissolve, one directed at each of the prejudgment attachment liens filed by the plaintiffs. The defendants also made an application to discharge the mechanic's lien filed by the

plaintiff Bialowans. These motions and this application were heard together by the trial court on August 31, 1987. The trial court determined that the plaintiffs had waived their rights to file either a mechanic's lien or a prejudgment attachment lien on the defendants' property when they signed the lien waiver agreement. Specifically, the trial court ruled that the language in the agreement stating that the plaintiffs "releas[ed] all liens and claims of liens" contemplated the waiver of the plaintiffs' right to file prejudgment attachment liens as well as mechanics' liens. The trial court also determined that the lien waiver agreement was supported by valid consideration. Accordingly, the trial court granted both of the defendants' motions to dissolve the prejudgment attachment liens and their application to discharge the mechanic's lien. This appeal by the plaintiffs ensued.

I

Initially, we address the plaintiffs' contention that no evidence was offered at the hearing below that the plaintiffs received consideration that would sufficiently support the plaintiffs' waiver of their lien rights. In response to a motion for articulation filed by the plaintiff Bialowans, the trial court found in its first articulation filed October 16, 1987, that there was sufficient consideration to support the plaintiffs' waiver in that, by signing the waiver agreement, the plaintiffs " 'enable[d] the [defendants] Robert O. Minor and Joann [Minor] to draw money from the bank to finance the construction in progress.' " We find that the trial court's conclusion is supported by the evidence and correct as a matter of law.

In *Townsend* v. *Barlow,* 101 Conn. 86, 89, 124 A. 832 (1924), we stated: "[T]he term 'waiver of mechanic's lien' has by long usage become descriptive of a writing having the purpose and effect of releasing, accord-

ing to its terms, the statutory right to a mechanic's lien. Though in terms purporting to affect only the mutual rights of the lienor and owner, it is intended for the information and security of third persons, who may be induced thereby to loan money to the owner of the premises on the lienor's assurance that his statutory incumbrance has been released; *and the real consideration which moves the lienor to release his incumbrance is the expectation that his employer will be put in funds out of which he hopes to be paid in whole or in part.*" (Emphasis added.) Both Bialowans and Wagner testified that they signed the lien waiver agreement when the defendant Robert O. Minor informed them that the bank from which he was drawing funds to finance the construction and pay the plaintiffs would not disburse any monies to him unless it was presented with a lien waiver signed by the plaintiffs.[2]

Thus, the trial court was clearly entitled to conclude, as it did, that the signing of the lien waiver agreement

---

[2] On direct examination by his attorney, the plaintiff John Wagner testified as follows:

"Q. Would you indicate to the Court the circumstances under which you signed [the lien waiver], what happened.

"A. Mr. Minor drove up one afternoon and presented the document, and told me that the bank had asked him to get this signed before they would release funds.

"Q. Did he promise you money?

"A. Yes, he said he would pay his bills.

"Q. Did he indicate he would pay from proceeds of what the bank was going to disburse?

"A. He told me he couldn't pay until he got money from the bank."

As between the plaintiff John Bialowans and his attorney, the following colloquy took place:

"Q. How did you happen to sign [the lien waiver]?

"A. I was approached by Mr. Minor, and he said I had to sign it to get some disbursements from the bank so that they could give him some money.

"Q. So the bank could give him some money?

"A. Right, to pay me.

"Q. To pay you?

"A. Right."

by the plaintiffs enabled the defendants to gain access to additional financing for the construction. This additional funding, procured as a result of the plaintiffs' waiver of their lien rights, directly benefited the plaintiffs by enhancing their expectation of payment for work performed and materials supplied. It is precisely this increased expectation of payment which *Townsend* holds is sufficient legal consideration to support a waiver of lien rights. Id., 89. Thus, we find no error in the trial court's determination that the lien waiver agreement was supported by sufficient consideration.

## II

We next address the plaintiffs' claim that, by signing the waiver agreement, they waived nothing more than their right to file mechanics' liens on the defendants' property and that the trial court erred by interpreting the agreement more broadly to include a waiver of the plaintiffs' right to file prejudgment attachments. We agree that the trial court interpreted the waiver erroneously.

The interpretation of a contract involves a search for the intent of the parties. *Lar-Rob Bus Corporation* v. *Fairfield,* 170 Conn. 397, 406–407, 365 A.2d 1086 (1976). Where this intent is expressed in language that is clear and unambiguous, the contract is to be given effect according to its terms. See *Leonard Concrete Pipe Co.* v. *C. W. Blakeslee & Sons, Inc.,* 178 Conn. 594, 599, 424 A.2d 277 (1979); *Collins* v. *Sears, Roebuck & Co.,* 164 Conn. 369, 373–74, 321 A.2d 444 (1973). Also, "[a] contract is to be construed as a whole and all relevant provisions will be considered together." *Lar-Rob Bus Corporation* v. *Fairfield,* supra, 407; see *Sturman* v. *Socha,* 191 Conn. 1, 12, 463 A.2d 527 (1983); 17 Am. Jur. 2d, Contracts § 258.

Applying these accepted principles of contract interpretation to the present case, we find that the waiver

agreement, when read as a whole, clearly and unambiguously provides for a waiver of mechanics' liens only. The trial court relied upon the clause "releas[ing] all liens and claims of liens" in support of its conclusion that the waiver agreement envisaged more than simply a waiver of mechanics' liens. The court construed this language as encompassing a waiver of "all other types of liens or attachments," including the prejudgment attachment liens filed by the plaintiffs on the defendants' property. Such a construction is, however, unsupportable when the agreement is read as a whole. The contract language "releas[ing] all liens and claims of liens" appears below the capitalized, bold-faced heading "WAIVER OF MECHANIC['S] LIEN." Clearly, all references to "liens" appearing in the language immediately below this caption are necessarily modified by it, leaving no room to construe "all liens and claims of liens" to mean anything other than mechanics' liens. When read as a whole, a fair and reasonable construction of the contract and the language used therein can yield no other result. We conclude, therefore, that the lien waiver agreement waived the plaintiffs' right to file mechanics' liens only, and that the trial court's determination that the agreement also waived the plaintiffs' right to file prejudgment attachment liens was clearly erroneous. Practice Book § 4061; *Gallicchio Bros., Inc.* v. *C & S Oil Co.*, 191 Conn. 104, 107, 463 A.2d 600 (1983); *Monroe Ready Mix Concrete, Inc.* v. *Westcor Development Corporation*, 183 Conn. 348, 351–52, 439 A.2d 362 (1981).

Accordingly, in view of the parties' stipulations at the hearing below that there was probable cause to sustain the plaintiffs' prejudgment attachment liens if said liens were deemed not to have been waived, we remand the case to the trial court with instructions to reinstate

the prejudgment attachment liens on the subject property in the amount specified in the stipulations.[3]

There is error in part, that portion of the judgment dissolving the plaintiffs' prejudgment attachment liens is set aside and the case is remanded with direction to reinstate the prejudgment attachment liens.

In this opinion the other justices concurred.

---

[3] The stipulation entered into between the plaintiff John Wagner and the defendant Robert D. Minor that there is probable cause to sustain Wagner's prejudgment attachment lien is not in the printed record. It is in the court file, however, of which this court may take judicial notice. *Krawiec* v. *Kraft*, 163 Conn. 445, 451, 311 A.2d 82 (1972).