[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a motion filed by defendants, Robert J. Percy and Roberta J. Percy, under Connecticut General Statutes Section 49-35a(c), to discharge a mechanic's lien levied against their property by the plaintiff, A and J Painting, Inc.
In the latter part of 1991, Stoner Development Group, Inc. (Stoner) was engaged in the real estate development and construction business and built a home on property it owned, known as 181 Blue Ridge Drive, in Vernon, Connecticut. The plaintiff was hired by Stoner to paint both the exterior and interior of the newly constructed house. After painting of the exterior was completed, the plaintiff was paid in full for that portion of the work. As to the interior, a representative of Stoner approached Armando DaCosta, vice-president of the plaintiff corporation, and requested that the plaintiff sign a lien waiver agreement before payment. The basis for this request by Stoner was to procure the necessary subcontractor waivers of mechanic's liens on the property in order to expedite the paperwork which the parties to the agreement knew would be required at the closing.
The plaintiff, through DaCosta, decided to accommodate CT Page 5131 Stoner in this regard, and the lien waiver was signed even though Stoner had not yet paid the plaintiff for the interior painting which the plaintiff eventually completed (Defendant's Exhibit 1). After obtaining all the required signatures on the lien waiver from its subcontractors, Stoner closed the sale of the premises to the Percys in December 1991. The plaintiff and these defendants had no contact with each other.
Unfortunately, after Stoner received the proceeds from the sale of the property, it suffered financial problems, and one of Stoner's creditors "froze" a portion of the proceeds. Stoner never paid the plaintiff for the interior paint work, and Stoner has since gone out of business.
Despite signing the lien waiver, according to which the plaintiff ostensibly agreed to forego its statutory lien on the property, the plaintiff placed a mechanic's lien on the Percys' premises. At the time the lien waiver agreement was signed by DaCosta, he was aware that the purchasers of the property, their lenders, and their title insurers, if any, would rely on the agreement when the purchase of the property was completed. Also, DaCosta acknowledged that he never read the agreement before signing it on behalf of the plaintiff. He testified that, had he read the document, he probably would have declined to sign it.
On February 9, 1993, the plaintiff commenced the present action to foreclose on the mechanic's lien it placed on the Percy property. On April 28, 1993, the Percys filed this motion to discharge that lien, and, on May 3, 1993, the court heard evidence and argument on the motion.
Connecticut General Statutes Section 49-35b places the initial burden of proving that probable cause exists to sustain the validity of the lien on the lienor with regard to motions to discharge mechanic's liens under Section 49-35a(c). Once the lienor meets this burden, Section 49-35b
shifts to the movant the burden of proving by clear and convincing evidence that the lien is invalid before it may be discharged.
The court concludes that the plaintiff has not met its burden of establishing probable cause to sustain the validity of the mechanic's lien. The plaintiff asks the court to CT Page 5132 disregard its signing of the agreement releasing its right of lien against 181 Blue Ridge Drive claiming that the agreement was signed without consideration and that DaCosta's signature was obtained by fraud.
As to the claim of fraud, the court finds that there is no evidence that the Percys or any other third party participated in or were even aware of any communications or promises Stoner made to the plaintiff in order to induce the plaintiff to release its rights to the statutory lien. Assuming, arguendo, that Stoner engaged in fraudulent statements to procure the plaintiff's waiver of its rights, those promises ought not inure to the detriment of innocent third parties, such as the Percys.
The plaintiff argues that the statutory scheme which creates mechanic's liens shifts to the property owner, who presumably is benefitted [benefited] by receiving the product of the workman's or materialman's labor, the risk of having the property encumbered if that labor goes unpaid. Therefore, as between the defrauded subcontractor and the innocent property owner, the property owner ought to bear the consequences of the general contractor's misconduct toward his subcontractor. The court rejects this argument.
It is true that the existence of Section 49-33 puts prospective purchasers of property on notice that an unpaid subcontractor may go after the property to satisfy the debt. However, once that subcontractor affirmatively executes a document relinquishing that method of recourse, the prospective purchaser cannot reasonably be expected to anticipate a revival of the right to a lien at a later date. The real estate development and construction business would be thrown into chaos if purchasers had to distrust every lien waiver. A subcontractor ought not be allowed to defy the clear language of his release when he was the one that chose to work for an unscrupulous general contractor.
The plaintiff, through its vice-president, voluntarily executed the waiver agreement. The plaintiff's agent chose not to read the document before signing it. The second paragraph of the agreement explicitly enumerates the rights and claims the signatory is waiving. Although written in terms purporting to affect only the mutual rights of the lienor and owner, the waiver agreement "is intended for the CT Page 5133 information and security of third persons, who may be induced thereby to loan money to the owner of the premises on the lienor's assurance that his statutory encumbrance has been released. . .," Bialowans v. Minor, 209 Conn. 212 (1988), p. 216. The Percys, their lenders, and insurers were entitled to rely upon this document and should not be penalized for the plaintiff's lack of caution, Fourth N.L. NSB Quarters, Inc. v. Wyoming Valley Contractors, Inc., 22 Conn. Sup. 293
(1961), p. 296.
As to the remaining claim, the plaintiff contends that the waiver agreement ought to be regarded as nugatory for a lack of consideration. A similar argument was rejected in Bialowans v. Minor, supra. At p. 212, our Supreme Court observed that the real consideration which motivates a subcontractor to release his encumbrance "is the expectation that his employer will be put in funds out of which he hopes to be paid in whole or in part."
The plaintiff in the present case attempts to distinguish his situation from Bialowans v. Minor, supra, by asserting that it never expected to receive payment out of the closing proceeds. Rather, the plaintiff contends that it was merely doing Stoner a favor. The court finds this distinction unpersuasive.
Even if the plaintiff never expected to receive payment from the funds made available by the closing, those funds would leave Stoner in a better fiscal position, increasing the likelihood of eventual payment from some source. This analysis appears to meet the consideration requirement described in Bialowans v. Minor, supra.
But the court feels that the claim of want of consideration is more fundamentally flawed. The general rule of contracts is that the absence of consideration on an executory promise is unenforceable, Osborne v. Locke Steel Chain Co., 153 Conn. 527 (1966), pp. 530 and 531. In the instant case the plaintiff's waiver of its right to lien was not an executory promise. It was not an agreement or promise to waive in the future or on the happening of some contingency. The signing of the lien waiver was a fait accompli. The language of the agreement is that the plaintiff does "waive and release all our several liens or rights of lien . . . in and to the aforesaid premises." CT Page 5134
Whether the plaintiff's action in releasing its right to lien is regarded as a gift or favor on behalf of Stoner or a contract for valuable consideration is immaterial because it was not an executory promise but a fully executed one. The doctrine of lack of consideration is, therefore, inapplicable.
For the above reasons, the court finds no probable cause to sustain the validity of the lien, the plaintiff having waived its right to lien. The motion to discharge the lien is granted.
BY THE COURT,
Samuel J. Sferrazza Judge, Superior Court