[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On December 30, 1991, the plaintiff, Pacific Employers Insurance Co., filed a one count complaint sounding in negligence against the defendant, National Roofing Flooring Co., Inc. The plaintiff alleges the following facts in its complaint. The plaintiff was the insurer of the Woodbridge Country Club. The Woodbridge Country Club and the defendant entered into a written agreement for the performance of a re-shingling project. In the course of this work, the defendant allegedly removed the cables of a roof and gutter de-icer and bundled them together while electrical current was running to them. Subsequently, the cables overheated and ignited construction debris, causing a fire on December 25, 1989. The plaintiff paid the Woodbridge Country Club for its losses sustained in the fire, less a deductible. The plaintiff now seeks to recover the amount paid to its insured from the defendant.
On April 29, 1994, the defendant filed a motion for summary judgment on the ground that there is no genuine issue of material fact since the Woodbridge Country Club agreed in the contract to provide insurance against fire for the work, and to waive any cause of action against National Roofing. In support of this motion, the plaintiff filed a memorandum of law, a copy of the contract between the defendant and Woodbridge Country Club, and an affidavit from an officer of the defendant which stated that the copy of the contract was true and complete. The plaintiff filed a memorandum in opposition to the defendant's motion for summary judgment on July 11, 1994. CT Page 9224
DISCUSSION
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Suarez v. DickmontPlastics Corp., 229 Conn. 99, 105, ___ A.2d ___ (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, 229 Conn. 213,217, ___ A.2d ___ (1994). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Id. "`Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner.'" Amendola v. Geremia, 21 Conn. App. 35, 37, 571 A.2d 131, cert. denied, 215 Conn. 803, 574 A.2d 217 (1990).
The defendant argues that the contract entered into between the defendant and Woodbridge Country Club required the club to carry fire insurance covering the work, and that each of the parties, pursuant to the contract, waived whatever causes of action they may have against each other to the extent covered by insurance. The plaintiff maintains that the paragraph of the contract in question is ambiguous and, therefore, its interpretation is a question of fact.
"Normally, a determination of what the parties intended by contractual commitments is a question of fact, reversible only if the trier of fact could not reasonably have arrived at the conclusion it had reached . . . but [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Citation omitted; internal quotation marks omitted.) Gaynor Electric Co. v.Hollander, 29 Conn. App. 865, 872, 618 A.2d 532 (1993). "The interpretation of a contract involves a search for the intent of the parties. . . . Where this intent is expressed in language that is clear and unambiguous, the contract is to be given effect according to its terms." (Citation omitted.) Bialowans v. Minor, 209 Conn. 212,217, 550 A.2d 637 (1988). If contract language is ambiguous, "[i]t is generally accepted . . . when two or more meanings may fairly CT Page 9225 be given to language in a contract, the language is to be construed against the one who drew it . . . ." (Emphasis in original; internal quotation marks omitted.) Dainty Rubbish Service, Inc. v.Beacon Hill Assn., Inc., 32 Conn. App. 530, 533, 630 A.2d 115
(1993).
Paragraph 14 of the contract provides: "You will carry property insurance upon the entire Work at the Premises to the full insurable value thereof. This insurance shall include both your and our interests and shall insure against the perils of fire. . . . We hereby waive all rights against you and you hereby waive all rights against us for the damages caused by fire and other perils to the extent covered by insurance provided under this paragraph."
The plaintiff argues that the terms "you" and "we", used in this paragraph, are ambiguous. The contract was written, however, by the defendant, with the defendant's name prominently printed at the top of the document. In this context, "you" refers to Woodbridge Country Club, and "we" refers to the defendant, National Roofing Flooring Co., Inc.
Nevertheless, the phrase, "to the extent covered by insurance provided under this paragraph," is ambiguous. From the evidence submitted, it is not possible to determine whether the insured was paid under insurance provided to satisfy paragraph 14, or under a pre-existing policy; whether the terms and conditions of the policy are relevant to this paragraph; or the extent of the coverage provided. Questions of fact remain unresolved.
Accordingly, the defendant's motion for summary judgment is denied.
Robert A. Martin, Judge