[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISCHARGE MECHANIC'S LIEN
The defendants, Charles and Alan Silkoff, (Silkoffs) have moved to discharge a mechanic's lien placed on property owned by them and located at the intersection of the Boston Post Road and Peck Lane in the Town of Orange and known as 549 Boston Post Road.
On December 7, 1994 the plaintiff Interior Builder's Inc. caused a notice of intention to claim a lien upon the subject CT Page 6509 property of the defendant Silkoff and did in fact on said date file with the Town Clerk of Orange a Mechanic's Lien for materials and labor furnished with regard to the work being done at that location.
The plaintiff claims that there is due and owing to him for such materials and labor the sum of $19,946.40.
The defendants Silkoff allege that they have paid the general contractor in full; that the plaintiffs have signed a waiver of Mechanic's Lien and that the work had been substantially complete and the certificate of lien was not filed within the proscribed time.
On April 8, 1994, the defendants Silkoff had entered into a contract with Shankle East, Inc. (Shankle) for an addition and renovations to property located at 549 Boston Post Road in Orange, Connecticut.
Thereafter, Shankle entered into a contract with Interior Builder's, Inc. (Interior) to install drywall and framing at that location. Work was to commence on July 31, 1994. The contract price came to $31,500.00, however, with agreed upon extras the price was $39,621.12.
The principal contract between Silkoffs and Shankle East was for the sum of $400,000.00.
The four initial requisitions were paid in full upon receipt. Subsequently, Silkoff noticed a change in the letterhead of the General Contractors from Shankle East to LSI. After consulting with his lawyer and meeting with a Mr. Jerry Dayharsh, the construction manager, it was suggested that all final payments should be made directly to the subcontractor's to avoid confusion. Dayharsh gave Silkoff a list of what was due. He thereafter arranged for all subcontractors to come to his office to receive checks in return for lien waivers.
On September 28th, Mr. Faske of Interiors came to Silkoff's office and was offered a check in the amount of $20,127.00 (See Exhibit H). Faske objected to the figure but after consulting with Dayharsh he agreed that it was the amount owed and in return for the receipt of said check he signed waiver of Mechanic's Lien waiving his lien rights against the owner (See Exhibit G). The endorsement on the check states that it was "In full for work CT Page 6510 done for C A Silkoff at 549 Boston Post Rd. Orange Ct." (See Exhibit H). The only evidence of any work done after August 26, 1994 was the pick up September 9, 1994 of materials left on the job. This was verified by the Manager for the tenant who took over the property on August 27, 1994. While there were minor things remaining to be done his testimony was that about a week after he took over someone from Interior came to pick up some supplies that had been left there.
Section 49-34 of the Connecticut General Statutes reads in pertinent part as follows:
 "A mechanic's lime [lien] is not valid, unless the person performing the services or furnishing the materials (1) within ninety days after he has ceased to do so, lodges with the Town Clerk of the town in which the building, or plot of land is situated a certificate in writing, which shall be recorded by the Town Clerk with deeds of land, (A) describing the premises, the amount claimed as a lien thereon, the name or names of the person against whom the lien is being filed and the date of the commencement of the performance of services or furnishing materials,"
The evidence discloses that the work was substantially complete on August 26, 1994. The date of recording is in excess of the 90 day notice called for in § 49-34 of the General Statutes. The plaintiff had ceased to render any services as of that date. The employee returned only to pick up materials that had been left behind.
As for the waiver: "`The term `waiver of mechanic's lien' has by long usage become descriptive of a writing having the purpose and effect of releasing, according to its terms, the statutory right to a mechanic's lien." Bialowans v. Minor, 209 Conn. 212,215-216. In the present case, the owner became concerned when he saw what appeared to be a change of ownership. His meeting with the plaintiff was an effort on his part to see that the subcontractors were going to be paid and in consideration thereof he would receive a waiver of lien.
Furthermore, the evidence indicated that the General CT Page 6511 Contractor was paid in full. Section 49-33(e) reads as follows:
 "A mechanic's lien shall not attach to any such building or its appurtenances or to the land on which the same stands; . . . . ., in favor of any subcontractor to a greater extent in the whole than the amount which the owner has agreed to pay to any person through whom the subcontractor claims subject to the provisions of Section 49-36."
Our Supreme Court, in the case of Seaman v. Climate Control,181 Conn. 592, indicated that "No Mechanic's Lien may exceed the price which the owner has agreed to pay for the building being erected or improved, and the owner is entitled, furthermore, to credit for payment made in good faith to the original contractor before receipt of notice of such lien or liens". The evidence disclosed that the owner paid the entire contract price of $400,000.00.
The court finds that the job in question was substantially complete on August 26, 1994; that more than 90 days had elapsed before the filing of the Mechanic's Lien; that the defendant was paid in full for the owner's share of the work and that `the plaintiff had signed a waiver of Mechanic's Lien in favor of the owner's Silkoff. The Motion to Discharge the lien is hereby granted. The Mechanic's Lien is discharged.
THE COURT
CURRAN, J.