[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, J. Iapaluccio, Inc., brought this action to foreclose a mechanic's lien which it filed on property owned by the defendant. The only defense asserted by the defendant is that the plaintiff executed an allegedly valid lien waiver. The matter was tried to the court on March 18, 1996.
The court finds the following facts. The plaintiff provided labor and materials in connection with construction of a shopping center pursuant to a contract with the general contractor, TPW Construction, Inc. (TPW). Pursuant to the contract, the plaintiff was to be paid the sum of $128,375.64; however, it only received $114,749.50 from TPW. The plaintiff was never paid the balance of $13,626.14, and commenced this action.
The court must begin by examining the validity of the lien before determining whether the plaintiff in fact executed a valid lien waiver. General Statutes § 49-35 provides, in part: "No person other than the original contractor . . . is entitled to claim any such mechanic's lien, unless, after commencing, and not later than ninety days after ceasing, to furnish materials or render services . . . he gives written notice to the owner of the building . . . and to the original contractor that he has furnished or commenced to furnish materials . . . and intends to claim a lien therefor on the building . . . . The notice shall be served upon the owner or original contractor . . . by any indifferent person, sheriff or other proper officer, by leaving with such owner or original contractor or at his usual place of CT Page 4074-W abode a true and attested copy thereof."
The court accepted into evidence at the trial a copy of the notice of intention to claim a mechanic's lien (Plaintiff's Exhibit 2) and a copy of the mechanic's lien (Plaintiff's Exhibit 1). The notice of intent indicates that it was served on the defendant and TPW by the sheriff on August 3, 1995. The mechanic's lien itself contains an inconsistency that bears mentioning. The return of service for the mechanic's lien is dated August 3, 1995, and states, in relevant part: "This is to certify, that on the above date, I caused to be filed in the Town Clerk's Office in the City/Town of Brookfield, June 16, 1995, the original certificate of Lien, in the foregoing matter . . . ." No explanation was offered as to what, if anything, occurred on June 16, 1995, or why that date appears in the return of service. The court concludes, therefore, that the mechanic's lien was served on August 3, 1995. In all other respects, the notice of intent and the mechanic's lien appear to be in conformity with the statutes, and the court, therefore, finds that the mechanic's lien is valid.
The only defense asserted by the defendant is the execution of a lien waiver by the plaintiff. The court must determine whether the lien waiver was valid. "A waiver of mechanic's lien . . . which in terms waives and relinquishes all liens and claims of liens which the lienor has or hereafter may have, possesses a very plain and unmistakable legal significance."Townsend v. Barlow, 101 Conn. 86, 89, 124 A.2d 832 (1924).
"Ordinarily, whether the plaintiff has waived its right to a mechanic's lien is a question of fact. However, if the contract language is clear and definite, the scope and meaning of that language is not a question of fact but a question of law." (Citations omitted.) Red Rooster Construction Co. v. RiverAssoc., Superior Court, judicial district of New Haven at New Haven, Docket No. 290633 (July 2, 1991, Schaller, J.).
There are two significant problems with the waiver of mechanic's lien in this case. The first is the plaintiff's claim that the waiver cannot be valid because it was not signed on behalf of the corporation. Michael J. Iapaluccio, president of the plaintiff company, testified at trial that he signed the lien waiver in his individual capacity and not as an agent or officer of the corporation. (Transcript [T], p. 11.) Counsel for the plaintiff argued that because the corporate name of the plaintiff CT Page 4074-X did not appear on the lien waiver, the waiver was invalid. (T. p. 25.) The court rejects this argument.
Iapaluccio has been in the construction business since 1974 and is the primary owner of the corporation's stock. His testimony, therefore, that he was unaware that he was waiving his rights to file a lien on the property, is found to be incredible by the court. (T. pp. 9-10.) The defendant testified that she relied on the lien waiver signed by Iapaluccio. (T.p. 15.)
The court also notes the decision in Union Trust Co. v. MainStreet South Condos, Superior Court judicial district of New Haven at New Haven, Docket No. 305787 (February 22, 1993, Hodgson, J.), wherein the court found that the signatures of the principals of the plaintiff subcontractor were attributable to the corporation due to the principals' authority to act on the corporation's behalf.
Moreover, were this court to permit a subcontractor to avoid the effects of a lien waiver by its agent signing in his individual capacity instead of his corporate capacity, the court would be sanctioning the creation of a situation where the contractor, subcontractor, lending institution and the property owner would have no security in the effect of a waiver. "The real estate development and construction business would be thrown into chaos if purchasers had to distrust every lien waiver. A subcontractor ought not be allowed to defy the clear language of his release. . . ." A J Painting, Inc. v. Percy, Superior Court, judicial district of Tolland at Rockville, Docket No. 52434 (May 26, 1993, Sferrazza, J.). Accordingly, the court concludes that the waiver is not invalid on this ground.
The second problem with the lien waiver executed by the plaintiff is more troubling to the court. Defendant's Exhibit A, which was presented to the court at the beginning of the trial as being offered without objection by either party, is dated July 14, 1995. It contains the notation, "SEE SCHEDULE A ATTACHED HERETO AND MADE A PART HEREOF" in the portion of the document which is used to describe the premises. However, no "Schedule A" appears as part of the document. In fact, counsel for the plaintiff made reference to this discrepancy during the trial. (T. p. 20.)
Following the trial, on March 27, 1995, the parties filed with the court a stipulation which indicated that "[i]mmediately CT Page 4074-Y following the hearing, the parties discovered that the copy of the lien waiver which was introduced as Defendant's Exhibit A . . . was not a true copy of the original lien waiver in the Defendant's possession." (See Stipulation filed March 27, 1995.) The parties then purported to file "Defendant's Substitute Exhibit A" with the court, which appears to be copy of the original Defendant's Exhibit A, except that it lacks the notation, "SEE SCHEDULE A ATTACHED HERETO AND MADE A PART HEREOF." No explanation was provided by the parties or their counsel as to the reason for this discrepancy in the documents. To date, the court has still not been provided with the original lien waiver.
The court concludes that the original waiver form did not contain a description of the property to which the lien applied. The court therefore finds that the lien waiver is invalid for failure to describe the premises which purports to be released from the mechanic's lien. This does not end the court's analysis, however.
At trial, the defendant testified that she gave TPW a "final" payment on May 24, 1995, of $389,716.04. (T. p. 20.) This amount covered the contract price of $388,500, as well as an additional $1,216.04. (T. p. 20.) The defendant further testified that she made this final payment before furnishing TPW with a "waiver of lien" form to be executed by TPW, as well as the other subcontractors working on the project, including the plaintiff. (T. pp. 16-17.) Although it was the defendant's testimony that she made final payment on May 24, 1995, the parties submitted, and the court accepted into evidence, the lien waiver form, which is dated July 14, 1995. See Defendant's Exhibit A. The court can only infer that the defendant is mistaken as to when she received the completed lien waiver.
The plaintiff offered no evidence to controvert the defendant's testimony that she made what she believed to be a final payment to TPW on May 24, 1995. The court finds that this payment was made in good faith to the original contractor before the lien was filed by the plaintiff on August 3, 1995. Therefore, the court finds for the defendant. Judgment may enter, accordingly.
Leheny, J. CT Page 4074-Z