[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION RE: MOTION TO REARGUE
CT Page 10949
Plaintiffs James and Mary Terry's motion to reargue this court's decision denying their application to discharge a mechanic's lien is denied. This court found that defendant Daley Construction Co., Inc. had established its burden of showing that there is probable cause to sustain the validity of its lien. In arriving at this conclusion, the court rejected the plaintiffs' contention that the defendant contractor waived its right to a statutory lien. See Gen. Stat. §§ 49-35a and 49. The plaintiffs' waiver argument is premised on their claim that the defendant contractor waived its right to file a mechanic's lien when the parties executed a contract for the construction of a residence. A review of this document, Plaintiffs' Exhibit 1, reveals that the defendant did not waive its right to file a mechanic's lien. What the contractor agreed to do was to deliver, at the time it applied for monthly payments, "a Release of Mechanics lien signed by each and every subcontractor and materialmen. . . ." (Emphasis added). The contractor also agreed to "indemnify and hold the owner harmless against . . . claims and mechanics liens with subcontractors, suppliers or employees of the Contractor. . . ." The purpose of the waiver appears to have been to provide the plaintiffs protection against paying twice, i.e. paying the contractor for work and materials and subsequently paying a subcontractor or supplier who did the work or provided materials but was not paid by the contractor. This language does not express a waiver by the defendant contractor of its right to file a mechanic's lien.
When the defendant contractor applied for payment in December of 2000, the defendant supplied, as it was required to do under the contract, waivers signed by subcontractors and materialmen. The defendant at this time also signed a waiver of its right to file a mechanic's lien. See Plaintiffs Ex. 2. The contractor's waiver, which was not required by the construction contract, was made in reliance on a reasonable belief induced by the plaintiffs' through their words and conduct that they would make a prompt and substantial payment. The plaintiffs failed to make any payment after the defendant provided the waiver. In light of the plaintiffs' conduct, the contractor had the right to rescind its waiver. Contrary to the plaintiffs' assertion, there was no evidence that the waiver was supported by the kind of consideration discussed by the Supreme Court in Bialowans v. Minor, 209 Conn. 212, 217-18, 550 A.2d 637
(1988).
The motion to reargue is denied.
___________________ THIM, JUDGE CT Page 10950