[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has applied to discharge or reduce a mechanic's lien on real estate located within the town of Mansfield.
Under our law the lienor has the burden of establishing the prima facie validity of the lien using probable cause as the standard of proof. If the validity of the lien is established, the lienee must refute it by clear and convincing evidence.
In this case, a prima facie case having been proven by CRT Construction Co., Inc. (CRT), Merchant Mansfield, LLC (MM) — must establish its invalidity in order to prevail in discharging or reducing it.
The following issues have been briefed by the parties:
A. The mechanic's lien is unenforceable because the person who signed theCertificate of Lien was not administered a proper oath.
MM bases its argument on testimony of James Scully, an officer of CRT who signed the Certificate of Lien, that he was not administered an oath at the time he signed it. The Certificate (Defendant's exhibit G), does, however, bear the signature and seal of a notary public attesting that Scully personally appeared and made oath to the truth of the document. There is a presumption that he was administered an oath and without more than the brief testimony elicited during his testimony (even though it contradicted that an oath was given), the Court does not find by clear and convincing evidence it was not administered.
B. CRT waived its right to lien for work and/or material furnished priorto April 30, 2001.
Plaintiff's exhibit 5 consists of four lien waivers covering all work done by CRT for the periods ending January 26, 2001, February 28, 2001, March 30, 2001 and April 30, 2001. These waivers were signed by James Scully, the CEO of CRT. CRT claims these waivers were obtained through deceit and trickery and no consideration was received by CRT for said waivers. That argument is not supported by credible evidence. Hugh Vaughan, d.b.a. H.A. Vaughan and Associates, who is in the business of analyzing and tracking the progress of construction jobs for banks was CT Page 5490 employed by First Massachusetts Bank, the project lender for this property. Vaughan testified that these lien waivers were required in exchange for disbursing money for the general contractor as the project moved along. The evidence clearly established that CRT received payments for the periods ending January 26, 2001, February 28, 2001 and March 30, 2001. While CRT submitted a lien waiver for covering the period ending April 30, 2001, its application for payment through April 30, 2001, was not funded because (according to MM) of problems with project performance.
Connecticut case law has generally held that lien waivers are effective based on the premise that the lender would provide funds to the owner out of which the builder hoped to be paid. See Union Trust Co. v. Main StreetSouth Condominiums, Inc., 1993 CT. Sup. 1994, New Haven, J.D., 1993 (Hodgson, J.). See also Bialowans v. Minor, 209 Conn. 212, 215-16
(1998). It is the expectation of payment (not the payment itself) which supports a sufficient legal consideration to support a waiver of lien rights.
The conclusion is that CRT's mechanic's lien is invalid for work or material rendered prior to April 30, 2001.
C. Evidence of work done from May 1. 2001.
By the end of April 2001 or in early May 2001, MM was hearing of dissatisfaction from CRT's subcontractors. Work on the project was slowing down and subcontractors were seeking assistance from MM in getting payment. CRT's job superintendent advised MM that there would be difficulty in bringing the job to completion within the six month contract period.
MM concluded that CRT would not complete the job on time and because of what MM perceived to be its financial difficulties, it terminated CRT from the project as of May 15, 2001.
MM then contracted with McLean Construction Company to complete the job.
There was no evidence specific to any work done between May 1 and May 15, 2001.
Accordingly, and based on foregoing findings the mechanic's lien is determined to be invalid and ordered discharged.
_________________, J. Klaczak CT Page 5491